

# Fourth Court of Appeals
## San Antonio, Texas

March 4, 2015

No. 04-14-00596-CV

**IN THE MATTER OF T.L.R.,**

From the 436th District Court, Bexar County, Texas
Trial Court No. 2014JUV00182
The Honorable Lisa Jarrett, Judge Presiding

# O R D E R

Appellant filed a motion asking this court to abate the matter and remand to the trial court for findings of fact and conclusions of law. We **DENY** appellant's motion.

Appellant begins by pointing out that pursuant to section 51.17(c) of the Texas Family Code, Chapter 38 of the Texas Code of Criminal Procedure applies in juvenile proceedings. ON this basis, he argues article 38.22, section 6 of the Code of Criminal Procedure mandates that the trial court make findings of fact and conclusions of law with regard to the voluntariness of the juvenile's statement. We agree with appellant that section 51.17(c) of the Texas Family Code states that unless otherwise provided in Chapter 51 of the Family Code — also known as the Juvenile Justice Code — Chapter 38 of the Code of Criminal Procedure applies to juvenile proceedings. However, the Texas Supreme Court, in a case involving a juvenile and the applicability of section 6 of article 38.22, specifically held: "The Texas Code of Criminal Procedure requires trial judges to make written findings of fact in connection with rulings on motions to suppress, and this requirement cannot be waived. ***This rule does not apply in juvenile cases, and there is no other requirement that findings be made in such cases.***" *In re R.J.H.*, 79 S.W.3d 1, 7 (Tex. 2002) (emphasis added). In support of this holding, the supreme court cited section 51.17. The supreme court obviously relied upon the "unless otherwise provided" language in section 51.17(c). The Juvenile Justice Code includes a specific provision with regard to the admissibility of juvenile statements. *See* TEX. FAM. CODE ANN. § 51.095. Contrary to appellant's contention, the fact that this section of the Family Code does not preclude the admissibility of the juvenile's statement in this case does not mean the admissibility of juvenile statements was not "otherwise provided" for in the Code.

Appellant's brief is past due — it was due to be filed in this court on February 25, 2015. Accordingly, given we have denied appellant's motion to abate, we **ORDER** appellant to file appellant's brief in this court on or before **April 3, 2015**.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of March, 2015.

Keith E. Hottle
Clerk of Court